**Calvin WILLIAMS, Petitioner,**

v.

**ATTORNEY GENERAL OF the STATE OF NEW YORK et al., Respondents.**

No. 75 C 2196.

United States District Court,
E. D. New York.

Jan. 27, 1976.

Harold B. Foner, Brooklyn, N. Y., by Sherman & Seidler, New York City, for petitioner.

Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., W. Bernard Richland, Corp. Counsel, New York City, Louis J. Lefkowitz, Atty. Gen., New York City, for respondents.

OPINION AND ORDER

PLATT, District Judge.

By order to show cause, verified petition for a writ of habeas corpus and exhibits attached, petitioner seeks an order restraining the defendants from executing a six months sentence of imprisonment imposed by The Hon. Albert S. McGrover, Justice of the Supreme Court, Kings County, after a jury trial and a verdict upon a charge of perjury, or, in the alternative, for a writ of habeas corpus discharging petitioner from custody as of the day he is incarcerated.

On the return date of the petitioner's motion, counsel for the defendants agreed to an interim stay pending this Court's determination thereof.

Petitioner's conviction of perjury in the first degree was affirmed by the Appellate Division, Second Dept., on June 19, 1975, without opinion, and on December 10, 1975, the New York Court of Appeals denied leave for petitioner to appeal to that Court, without opinion.

Petitioner claims that the judgment of conviction was imposed upon him in violation of his right against self incrimination under the Fifth and Fourteenth Amendments to the United States Constitution by the prosecutor's remarks in his summation to the jury and the trial court's charge to the jury.

The principal ground advanced by counsel for the petitioner on this motion and application for a writ was the trial court's failure to charge the jury that the law does not compel a defendant in a criminal case to take the witness stand and testify and that every defendant has the right to stand mute.

It should be noted at the outset that no such request was made by counsel for the petitioner prior to or at the conclusion of the Court's charge. An examination of the records shows that prior to the charge the trial court said to petitioner's then counsel (A 66):

"THE COURT: Yes, I assume too you want me to charge failure to take the stand in this case.

Mr. McKINNEY: Yes, your Honor, I will try to provide the Court with some requests to charge."

Immediately prior to the Court's charge the record discloses that (A 140):

"Mr. McKINNEY: Your Honor, so the record will reflect what I have already requested of your Honor, the defendant specifically requests that the Court charge with respect to failure of the defendant to take the stand."

The Court charged the jury as follows (A 146–A 147):

"Now I want to make it clear to you that under our law the defendant may testify as a witness in his own behalf. In this case the defendant did not take the stand in his own behalf, however, the fact that he did not testify is not a factor from which any inference whatsoever unfavorable to the defendant may be drawn."

At the conclusion of the charge, the then counsel for the petitioner stated (A 166):

"Mr. McKINNEY: If it may please the Court, I have two exceptions.

Number one, I respectfully take exception to the Court's charge with respect to the failure of the defendant to take the stand on the grounds that the opinion of counsel was inadequate to cover the particular point."

Under § 300.10(2) of the New York Criminal Procedure Law,

"In its charge, the court must state the fundamental legal principles applicable to criminal cases in general. * * * Upon request of a defendant who did not testify in his own behalf, but not otherwise, the court must state that the fact that he did not testify is not a factor from which any inference unfavorable to the defendant may be drawn."

As indicated above, the trial court in this case so charged.

In *United States v. Van Drunen*, 501 F.2d 1393, 1395–1396 (7th Cir. 1974), *cert. denied*, 419 U.S. 1091, 95 S.Ct. 684, 42 L.Ed.2d 684 (1974), the trial court charged the jury as follows:

"'A defendant has the absolute right to testify, and the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify.

'A defendant who wishes to testify is a competent witness and his testimony should not be disbelieved merely because he is the defendant. However, in weighing his testimony the jury should consider the fact that the defendant has a vital interest in the outcome of this trial.'"

and the Court of Appeals for the Seventh Circuit held that such charge did not constitute reversible error since the court included the phrase that "the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify". (See also *Boehm v. U. S.*, 123 F.2d 791 (8th Cir. 1941), *cert. denied*, 315 U.S. 800, 62 S.Ct. 626, 86 L.Ed. 1200, *rehearing denied*, 315 U.S. 828, 62 S.Ct. 794, 86 L.Ed. 1223.)

*A fortiori* in the case at bar, if the foregoing instructions by the trial judge in the *Van Drunen* Federal case did not constitute reversible error, the New York State Court trial judge's failure to include an unrequested instruction with respect to a defendant's right not to take the stand and testify should not constitute a violation of his constitutional rights.

Similarly, the remarks of the prosecutor in his summation which petitioner claims "in effect" constituted a request for the jury to consider the fact that petitioner did not testify on his own behalf (even assuming *arguendo* that they can be interpreted to such effect which is difficult to do) do not constitute a violation of petitioner's constitutional rights.

For the foregoing reasons, petitioner's motion and petition for a writ of habeas corpus must be and the same hereby are denied.

So ordered.