William Morris PRICE, a/k/a Calvin
Williams, Petitioner,

v.

David R. HARRIS, Superintendent;
Robert Abrams, New York State
Attorney General, Respondents.

No. CV 80–1500 X75C2196.

United States District Court,
E. D. New York.

Sept. 29, 1980.

William Morris Price, pro se.

Robert Abrams, Atty. Gen., by Cobby Shereff, Deputy Asst. Atty. Gen., New York City, for respondents.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner, William Price, has filed a petition, dated May 29, 1980, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After his first trial ended in a mistrial entered upon his own motion, petitioner was convicted of two counts of burglary in the first degree and felonious possession of a weapon. The Appellate Division unanimously affirmed the conviction on October 11, 1977, and leave to appeal was denied by the Court of Appeals on December 1 of that same year. Petitioner then sought a writ of habeas corpus in the State courts, alleging the same grounds he alleges here. This application was dismissed by the New York Supreme Court and that decision was affirmed by the Appellate Division; finally, on March 20, 1980, the Court of Appeals denied leave to appeal. Petitioner, as a consequence of the foregoing, has exhausted his State remedies as to the issues raised here and this petition is properly before this Court.

Petitioner advances one ground in support of his petition, namely, that his retrial violated his rights under the Double Jeopardy Clause of the Fifth Amendment.

Traditionally, jeopardy does not attach, thus serving to bar retrial under the Double Jeopardy Clause, when a mistrial is declared upon a defendant's motion. *See United States v. Dinetz,* 424 U.S. 600, 96

S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Drayton v. Hayes*, 589 F.2d 117 (2d Cir. 1979); *see also, Mitchell v. Smith*, 633 F.2d 1009, (2d Cir. 1980). An exception to this rule exists, however, when the motion for mistrial is provoked by the intentional, bad faith conduct of the judge or prosecutor. *See United States v. Dinetz, supra; United States v. Jorn*, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). Petitioner asserts that, in this case, the prosecutor's conduct exhibits such bad faith as to make the exception applicable.

■ Essentially, the issue in the instant case centers around a statement made by the prosecutor in his opening remarks and the introduction of testimony of a police officer which might have suggested to the jury that petitioner had committed burglaries other than those with which he was charged.

At trial, defense counsel objected to the following statement made by the prosecutor:

Police Officer Flynn observed a gun protruding from the pocket of this defendant whereupon he said, "He has a gun," and his two brother officers came and they apprehended Calvin Williams and they took his black zipper attache case from Calvin Williams and they opened it up and inside the case they found Jewelry, Bankbooks, money, and other objects.

They ran an investigation. *They later learned the owners of some of this property, namely, Warry Contrarous and Elevrus Connegroes*, and they will tell you that they left their home sometime during the day and when they returned on November 17th–

MR. GREEN: I hesitate to interrupt.

May I approach the sidebar on the record?

(*People v. Calvin Williams*, September 27, 1974 *Trial Transcript* at 16, hereinafter cited as Tr.) (Emphasis added).

After defense counsel's objection and because the prosecutor referred to property which petitioner had in his possession but which was not the basis for the indictment, the judge rendered curative instructions to the jury and the trial proceeded. (Once testimony began, two other occasions arose which prompted related objections by defense counsel but these were overruled by the judge, apparently because he believed that there was not sufficient reference to the other burglaries to sustain the objection.) (*See* Tr. 28–30, 37–38).

Finally, however, testimony was given which did prove to be objectionable because it indicated that petitioner had committed other burglaries:

Q Could you read to the Court the list of this property that was made that you removed from the defendant Calvin Williams?

. MR. GREEN: Objection, Judge.

THE COURT: Overruled, you have an exception.

MR. GREEN: Exception.

A Voucher 217441 of the Property Clerk's Voucher # 73Q11426, *a yellow metal Seiko woman's watch take from*—

Q Just give us the list of the property.

A The watch, three silver dollars, four half dollars, nine subway tokens.

MR. GREEN: May I approach, Judge, with the Court Reporter?

THE COURT: Yes.

(Whereupon, the following occurred at the sidebar:)

MR. GREEN: If your Honor pleases, I object to this testimony based on the fact that according to my records the affidavit from the Criminal Court, the yellow metal woman's watch as previously referred to by this policeman was taken from a party Norma Danjadco, who was the subject of the first count of the indictment, and that count was dismissed. It's apparent that the People are attempting to offer proof of a commission of the burglary under the first count which has been dismissed by the People.

MR. COHEN: *I instructed him not to mention that particular one.* That is the reason why–it was taken from—

(Tr. 48–49) (Emphasis added).

The judge sustained the objection and again rendered curative instructions. How-

ever, at this juncture it is important to note the prosecutor's statement that he instructed the witness not to mention from where the property was stolen. This statement certainly cannot be evidence of the bad faith needed to fit petitioner's case within the exception to the rule enunciated above. In fact, it reveals the contrary; the prosecutor had attempted to exclude testimony of the other burglaries. It cannot be said therefore that the prosecution was attempting to provoke a motion for mistrial. Rather, it was obviously trying to prevent one.

We have examined the other two instances, the last of which gave rise to the mistrial, cited by petitioner to prove prosecutorial bad faith.[1] Neither instance even remotely suggests that the prosecutor was acting in bad faith. The witness indeed did make statements referring to other burglaries but it was not the prosecutor's questions which led him to do so. Perhaps the witness was not well enough instructed or perhaps one of the questions was inartful, but we find no evidence of bad faith. Consequently, petitioner's request for relief

must be denied. *See United States v. Dinetz, supra.*

For the above stated reasons, this petition for the writ of habeas corpus must be, and hereby is, denied.[2]

SO ORDERED.

---

1. While these portions of testimony are those which led to the mistrial, they are not as important for our decision as the one reproduced above in text since that one militates directly against a finding of bad faith on the part of the prosecution. For the sake of record, however, we reproduce below that testimony which led to the mistrial.

> Q  What if anything did he say to you?
> A  I asked him what he did that night, and he says he performed three burglaries. And that's where he got the property.
> I asked him, "Have you committed any other burglaries?", *and through the other things he admitted to making–committing two burglaries a night, twice a week. He's done them for the past two years.*

(Tr. 56) (Emphasis added).
The judge corrected this testimony with an instruction for the jury. However, the witness once again lapsed into discussing other burglaries.

> Q  *Confine your comments solely to the two cases that are at bar.*
> Did he make any statements concerning the two burglaries that are presently before the Court?
> A  Yes.
> Q  What did he say about these two burglaries?

> A  I asked, "Where did you get the property?". *"I committed two . . ."* He said, *". . . three burglaries."* He committed *two burglaries–*
> MR. GREEN: I move for a mistrial. I think it should be granted. I think it is a question of former jeopardy at this point, Judge. I again move for a mistrial.
> This is a witness–ten years, Judge.
> THE COURT: I have had it.
> Now, Mr. District Attorney, I don't see how, under the circumstances that have arisen here, this jury can avoid being contaminated by the testimony of this witness, which has no relevancy to the issues before the Court.

(Tr. 59) (Emphasis added).
The judge granted the motion for mistrial, but it should be noted that once again we have evidence that the prosecutor tried to keep the witness' testimony within bounds. This is evidence of good faith conduct, not bad faith conduct on the part of the prosecutor.

2. This is petitioner's second application to this Court for a writ of habeas corpus, see our Memorandum and Order dated January 27, 1976, reported as *Williams v. Attorney General of the State of New York*, 406 F.Supp. 545 (E.D.N.Y.1976).